## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

### CIVIL MINUTES - GENERAL

Case No. SACV 12-0112 DOC (MLGx)                    Date: March 21, 2012

Title: GERARD J. VAN EGMOND -V- WELLS FARGO HOME MORTGAGE

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

　　　　　Before the Court is Defendant Wells Fargo Home Mortgage's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  ("Mot.") (Dkt. 4).  The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.  The Court has considered the moving, opposing, and replying papers, and hereby GRANTS Defendant's Motion to Dismiss.

## I.     BACKGROUND

　　　　　Taken as true and in the light most favorable to Plaintiff, the facts alleged by Gerard J. Van Egmond ("Plaintiff" or "Van Egmond") are as follows:

　　　　　Plaintiff borrowed $519,900 against his home in Costa Mesa, CA; this debt was secured by a Deed of Trust recorded on July 5, 2006.  Compl. Ex. C; *contained in* Notice of Removal Ex. 1 (Dkt. 1).  Plaintiff fell behind on his payments and a Notice of Default was recorded against him on February 28, 2011.  Request for Judicial Notice ("RJN") (Dkt. 4 Ex. 1) Ex. B.[1]  Subsequently, a Notice

---

[1]In Exhibit 1 attached to its Motion, Defendant asks the Court to take judicial notice of four documents: a Deed of Trust recorded on July 5, 2006, (RJN Ex. A, identical

MINUTES FORM 11 DOC                              Initials of Deputy Clerk: jcb
CIVIL - GEN                                      Page 1 of 7

of Trustee's Sale was recorded on June 6, 2011, setting the sale date for Plaintiff's home on June 27, 2011.  RJN Ex. E.  The pleadings do not reflect that a sale of Plaintiff's home has yet occurred.

On June 6, 2011, on the same day that the Notice of Trustee's Sale was recorded, Plaintiff sent Defendant Wells Fargo Home Mortgage d/b/a America's Servicing Company ("Wells Fargo" or "Defendant") a qualified written request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA").  Compl. ¶ 21; Compl. Ex. A.  Plaintiff requested this information from Defendant in order to personally assess his eligibility for a loan modification under certain federal programs.  Compl. ¶ 16; Compl. Ex. A.  The QWR identified both Plaintiff and his loan.  Compl. Ex. A.  Sent through Plaintiff's attorney, the QWR stated:

> We are writing because the above-named borrower has not been provided a loan modification or other applicable foreclosure avoidance as required by the Making Home Affordable Program ["HAMP"] guidelines and applicable United States Codes and Public Laws.  The borrower qualifies for a loan modification and we believe you as the lender should take such action as required to provide and effectuate modification of the loan(s) to make the payments affordable to the borrower.

> Attached is a copy of the prior loan modification submission.  The prior conversations with your customer service representatives indicated the submission was complete and the file was in review. . . . For an unknown reason, despite qualifying for a loan modification, you have not provided the borrower and foreclosure avoidance.  Therefore, to resolve these issues we require specific information as allowed by law.

*Id.*

The QWR then goes on to request, in 35 numbered paragraphs, voluminous documentation from Defendant.  *Id.*  The documents requested by Plaintiff include: a complete and itemized statement of the loan history, including all charges to the account, an itemized statement of the escrow account, questions regarding insurance placed on the account, statements regarding property inspection fees and reports, an itemized statement of the arrears and late charges, the payoff figure, statements listing modification fees, a definitional dictionary defining all transaction codes, an itemized

---

to Pl.'s Ex. C); a Notice of Default recorded on February 28, 2011, (RJN Ex. B); an assignment of the Deed of Trust recorded on June 6, 2011, (RJN Ex. C); a Substitution of Trustee recorded on June 6, 2011, (RJN Ex. D); and a Notice of Trustee's Sale recorded on June 6, 2011. (RJN Ex. E).  As these documents are matters of public record and Plaintiff does not object, the Court GRANTS Defendant's Request for Judicial Notice.  The Court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

statement of foreclosure expenses, "the full name, address and phone number of the current holder of this debt," a copy of the pooling agreement, the servicer's procedural manual used with respect to servicing the loan, the loss-mitigation rules used in conjunction with this loan, and information relating to the pool of loans the mortgage was placed in such as the prospectus offered to investors in that pool, the trustee under that pool, relevant SEC documents related to that pool, and documents relating to the electronic registration of that pool. *Id.* Plaintiff claims that the response he received to this QWR was deficient, but he notably fails to attach that response, despite repeatedly referencing its deficiencies in both the Complaint and his Opposition to Defendant's Motion.

The allegedly deficient QWR response is instead attached to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.[2]  Reply to Pl.'s Opp'n to Def.'s Mot. ("Reply") (Dkt. 7) Ex. A.  The QWR response is dated June 17, 2011.  Reply Ex. A.  The cover letter to the QWR response stated that Defendant "would like to provide you with the details of my research" and included several enclosures.  *Id.*  The enclosures consisted of: (1) a complete payment history showing when payments were received, how they were applied, a description of each transaction on the loan, and running balances of the escrow, fee, and principal accounts; (2) copies of the original note and security instrument validating the debt and defendant's right to assess fees and costs associated with the loan; (3) a "HUD1 Settlement Sheet" itemizing all charges associated with the real estate transaction; (4) a "Final Loan Application used to record relevant financial information about a mortgage applicant;" (5) Truth in Lending disclosures concerning the amount financed, the rates, finance charges, total payments, payment schedule, and other features of the loan; and (6) a "Good Faith Estimate" providing an estimate of "the settlement charges and loan terms if the loan is approved." *Id.*

The June 17, 2011 QWR response also identifies U.S. Bank, N.A. as the manager of the pool of loans into which Plaintiff's mortgage was placed and provides its contact information, as well as a number referencing that loan pool. *Id.*  The QWR then provides a telephone number for live

---

[2]The Court may consider this document without converting Defendant's Rule 12(b)(6) Motion into a motion for summary judgment because it is incorporated by reference into Plaintiff's complaint, it is integral to Plaintiff's claims, and its authenticity is not disputed. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superceded by statute on other grounds) ("Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based" is a sound policy supporting consideration of documents incorporated by reference); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that in a Rule 12(b)(6) motion, a defendant may produce a document upon which a plaintiff's claim relies but which is not attached to plaintiff's complaint "because plaintiff should not so easily be allowed to escape the consequences of its own failure").  The Court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall*, 629 F.3d at 998.

representatives, should Plaintiff have further questions regarding the information provided and a similar number to call, should Plaintiff have questions regarding foreclosure avoidance.  *Id.*  Finally, the QWR states: "Any documents or requested information not provided in this letter are due to the request being too broad to determine specific information needed [or due to the information being considered proprietary]."  *Id.*  Again, a phone number was provided should Plaintiff have further questions.  *Id.*

Plaintiff also alleges that Defendant failed to comply with the requirements of California Civil Code Section 2923.5, which requires lenders to contact borrowers regarding foreclosure avoidance options prior to recording a notice of default.  Compl. ¶ 32.  Plaintiff asserts that the terms of his Deed of Trust required Defendant to comply with California law in the foreclosure process; he brings this claim as a breach of contract, not as a statutory violation.  Compl. ¶ 31.  Based on Defendant's alleged conduct, Plaintiff asserts two causes of action: (1) a violation of RESPA and (2) breach of contract.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim.  *See* Fed. R. Civ. P. 12(b).  A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

### A.   RESPA

Plaintiff alleges that Defendant failed to properly respond to his qualified written request ("QWR"), thereby violating the Real Estate Settlement Procedures Act ("RESPA"). Compl. ¶ 17. Specifically, Plaintiff alleges that the QWR response provided by Defendant was deficient because it was untimely and failed to provide Plaintiff with information related to his eligibility for a loan modification. Compl. ¶¶ 16, 23, 25. Defendant seeks to dismiss this claim on the grounds that it replied to Plaintiff's QWR as required by RESPA. Reply at 4. The Court agrees that Defendant met the statutory requirements of RESPA in its QWR response to Plaintiff.

RESPA allows borrowers who believe their "account is in error" to send their loan servicer a QWR requesting information relating to the servicing of their mortgage. 12 U.S.C. § 2605(e). Upon receipt of a QWR, a loan servicer has 20 days to acknowledge such receipt and 60 days to provide a response. 12 U.S.C. § 2605(e)(1)-(2)

Here, Defendant's response to the QWR was sent a mere ten days after Plaintiff mailed the QWR. Plaintiff's QWR is dated June 6, 2011. Compl. Ex. A. Defendant's QWR response is dated June 16, 2011. Reply Ex. A. This time frame is well within the bounds of RESPA; Plaintiff's claim of untimeliness thus fails.

Upon receipt of a valid QWR, RESPA requires a loan servicer to undertake an investigation. *See In re Payne*, 387 B.R. 614, 633-34 (Bankr. D. Kan. 2008) (detailing the QWR process). First, the servicer must make any appropriate corrections to the borrower's account and notify the borrower of such corrections. 12 U.S.C. § 2605(e)(2)(A). If the servicer determines the account is not in error, it must send the borrower a written statement of reasons as to why the servicer believes the account is correct. 12 U.S.C. § 2605(e)(2)(B). Failing that, the servicer may instead choose to provide the borrower with the requested information; if the borrower requested information the servicer cannot provide, the servicer must provide a written explanation as to why the requested information is unavailable or cannot be obtained. 12 U.S.C. § 2605(e)(2)(C). In all cases, the servicer must provide a telephone number to the appropriate office that can provide the borrower with further assistance. 12 U.S.C. § 2605(e)(2).

Defendant's QWR response fully complied with RESPA's requirements.  Plaintiff claims that the QWR was deficient because it failed to provide him with certain information pertaining to his eligibility under federal loan modification programs.  Compl. ¶¶ 16, 25.  RESPA, however, only obligates loan servicers to respond to borrowers' requests for information relating to the *servicing* of their loans, which does not include loan modification information.  12 U.S.C. § 2605(e); *see also* 12 U.S.C. § 2605(i)(3) (defining "servicing" to mean the receipt of periodic payments pursuant to the terms of a loan); *Williams v. Wells Fargo Bank, N.A., Inc.*, No. C 10-00399 JF (HRL), 2010 WL 1463521, at *3 (N.D. Cal. Apr. 13, 2010) (dismissing a RESPA claim where the plaintiffs' QWR asked for documents relating to their "options" for a loan modification, and noting that "[n]ot all requests that relate to the loan are related to the *servicing* of the loan" (emphasis in original)); *Saucedo v. Bank of America , N.A.*, No. 3:11–cv–00813–MO, 2011 WL 6014008, at *2 (D. Or. Dec. 1, 2011) ("The denial of a loan modification is not 'servicing.'"); *In re Salvador*, 456 B.R. 610, 623 (Bankr. M.D. Ga. 2011) (holding that RESPA does not obligate servicers to respond to requests for information pertaining to a failed attempt to modify a loan; such information is "outside the scope of the term 'servicing' as defined in [RESPA's implementing regulations, codified at 24 C.F.R. § 3500.2].").  Plaintiff's QWR was clearly a request for information pertaining to his failed attempt at a loan modification.  *See* Compl. Ex. A ("We are writing because the above-named borrower has not been provided a loan modification . . . . The borrower qualifies for a loan modification and we believe you as the lender should take such action as required to provide and effectuate modification of the loan(s) . . . . [D]espite qualifying for a loan modification, you have not provided the borrower and foreclosure avoidance.  Therefore, to resolve these issues we require specific information as allowed by law.")  Defendant was not obligated to respond to any of Plaintiff's requests regarding his loan modification.  *See Salvador*, 456 B.R. at 623 ("[T]o the extent that [Plaintiff's] RESPA claim relates to a request for information relating to the failed attempt to modify the Loan under HAMP, [Defendant] is entitled to judgment on the pleadings.").

Further, Defendant provided a complete response to all of Plaintiff's inquiries that did relate to the servicing of his loan, such as who managed the loan pool, a complete and itemized statement of all payments and charges, and a good faith estimate of the payoff figure, among other items.  *See* Reply Ex. A.  Defendant performed the required research and included the required disclaimer, which explained why certain requested information would not be provided.  *See id.* ("Any documents or requested information not provided in this letter are due to the request being too broad to determine specific information needed [or due to the information being considered proprietary].").  Finally, Defendant provided at least three different phone numbers to live representatives in three different departments to further assist Plaintiff should he have additional questions, as required by the statute.  *See* 12 U.S.C. § 2605(e)(2).  Taken altogether, this Court holds that that Defendant's QWR response was sufficient to meet the requirements of RESPA.  *See* 12 U.S.C. § 2605(e).  Accordingly, Plaintiff's RESPA claim is DISMISSED WITH PREJUDICE.

## B.     BREACH OF CONTRACT

Plaintiff asserts that under the terms of his Deed of Trust, Defendant was required to

comply with California law when foreclosing on his home.  Compl. ¶ 31.  Plaintiff claims that Defendant breached its contractual obligation by failing to comply with the requirements of California Civil Code Section 2923.5, which mandates lender contact with a borrower regarding foreclosure alternatives prior to filing a notice of default.  Compl. ¶ 32.  Defendant seeks to dismiss this breach of contract claim on the grounds that Plaintiff has not – and cannot – allege performance on his part.  Mot. at 9-10.  The Court agrees that Plaintiff cannot allege performance.

In California, a "cause of action for breach of contract requires [1] pleading of a contract, [2] plaintiff's performance or excuse for failure to perform, [3] defendant's breach and [4] damage to plaintiff resulting therefrom."  *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006).

Plaintiff cannot allege that he performed under the terms of the Deed of Trust.  The Deed of Trust obligated Plaintiff to make periodic payments in order to satisfy his debt and avoid foreclosure. *See* Compl. Ex. C.  Plaintiff defaulted on his obligation under the Deed of Trust.  RJN Ex. B (recording Plaintiff's default under the Deed of Trust as beginning in November 2010).  Plaintiff disputes neither his default nor the validity of the underlying debt.  Plaintiff thus cannot plead performance on his part as is required to assert a breach of contract claim; this claim is accordingly DISMISSED WITH PREJUDICE.[3]

## IV.    CONCLUSION

For the foregoing reasons the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's claims WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.

---

[3]The Court notes that it is only dismissing Plaintiff's breach of contract claim and expresses no opinion on Defendant's alleged statutory non-compliance with California Civil Code Section 2923.5.